**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7170**

WRITER'S INTERNET ADDRESS
sandyweisburst@quinnemanuel.com

May 9, 2016

**VIA CM/ECF**
Hon. Therese Wiley Dancks
U.S. Magistrate Judge
U.S. District Court for the Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Re:   *Entergy Nuclear FitzPatrick, LLC v. Zibelman*, No. 15-cv-230

Dear Judge Dancks:

We respectfully write on behalf of Plaintiffs Entergy Nuclear FitzPatrick, LLC, Entergy Nuclear Power Marketing, LLC, and Entergy Nuclear Operations, Inc. ("Entergy"). On April 21, 2016, this Court ordered the parties, by May 6, 2016, to "file a letter brief … on how each party sees the recent Supreme Court decision in *Hughes v. Talen Energy Marketing, LLC* impacts discovery and the issue of a stay in this case." Defendants' letters (ECF 99 and 102) go well beyond that topic, addressing issues that have nothing to do with *Hughes*' direct impact on this case and that Defendants did not raise during the April 20, 2016 status conference.

*First*, both the PSC Defendants and Defendant Dunkirk Power, LLC ("Dunkirk Power") argue that a *different* Supreme Court decision, *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378 (2015)—which issued on March 31, 2015 and hence was available well before the PSC Defendants filed their Rule 12(c) motion on July 24, 2015—warrants dismissal of Plaintiffs' Federal Power Act preemption claim (but not Plaintiffs' Dormant Commerce Clause claim). ECF 99 at 3-5; ECF 102 at 2-3.

*Second*, Dunkirk Power argues, absent any discovery and despite the omission of any such argument from Dunkirk Power's brief on the Rule 12(c) motion, that Entergy's Dormant Commerce Clause claim fails as a matter of law. ECF 102 at 4-5.

*Third*, the PSC Defendants argue not that *Hughes* has any direct impact on this case, but that the PSC is "*considering* opening a new proceeding to address the implications of *Hughes*'s substantive preemption rulings." ECF 99 at 3 (emphasis added).

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

We respectfully submit that this Court should not consider Defendants' newly-minted arguments that are outside the scope of this Court's April 21 Order, the first two of which were available to Defendants more than a year ago. Nor should Defendants' recalcitrance be rewarded by continuing the discovery stay during yet another round of letter briefing concerning those new arguments. We respectfully request that this Court immediately lift the discovery stay.

Respectfully submitted,

/s/ Sanford I. Weisburst

Sanford I. Weisburst

cc: Counsel of Record (via CM/ECF)